UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

IN RE:
PETER C. ELLIS AND
CAROLE A. ELLIS,                                          Chapter 7
          DEBTORS.                                Case No. 10-21835-WCH

_____

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

      The matters before the Court are the Objection by Trustee to Debtor's [sic] Claim of Exemption (the "Objection") filed by Debora A. Casey (the "Trustee"), Chapter 7 trustee of the estate of Peter C. ("Mr. Ellis") and Carole A. Ellis ("Mrs. Ellis") (collectively, the "Debtors"), the Debtors' Opposition to Objection by Trustee to Debtors' Claim of Exemptions filed by the Debtors (the "Opposition"), and the Reply by Trustee to Debtor's [sic] Opposition to Objection to Claim of Exemption (the "Reply").  Through the Objection, the Trustee seeks to "cap" the Debtors' homestead exemption pursuant to 11 U.S.C. § 522(p) on the basis that Mr. Ellis acquired his interest in the family residence less than 1,215 days prior to the commencement of the case.  The Debtors concede that Mr. Ellis's exemption cannot exceed the limit imposed by 11 U.S.C. § 522(p) but assert that Mrs. Ellis's exemption cannot be so limited because she never held an interest in the property, let alone acquired one during the operative look back period.  For the reasons set forth below, I will sustain the Objection.

**II. BACKGROUND**

      The facts necessary to decide this matter are few and undisputed.  On May 20, 2008, Mr. Ellis acquired a fee simple interest in 28 Harwich Road in Brewster, Massachusetts (the

1

"Property") by an executor's deed.[1] Thereafter, the Debtors filed a voluntary Chapter 7 petition on October 29, 2010. On Schedule C – Property Claimed as Exempt ("Schedule C"), they claimed an exemption in the amount of $350,000 ("the Exemption") in the Property, which they valued at $350,000 on both Schedules A and C, pursuant to Mass. Gen. Laws ch. 188, § 1 (the "Homestead Statute").[2] The Trustee was appointed on November 22, 2010. On December 30, 2010, Mrs. Ellis passed away.

On February 10, 2011, the Trustee filed the Objection pursuant to 11 U.S.C. § 522(p). The Opposition followed on March 14, 2011, and the Trustee filed the Reply the next day. I conducted a hearing on the Objection on March 18, 2011, at the conclusion of which, I took the matter under advisement.

## III. POSITIONS OF THE PARTIES

### The Trustee

The Trustee asserts that the Exemption may not exceed $146,450 pursuant to 11 U.S.C. § 522(p)(1)(A) because the Debtor acquired his interest in the Property on May 20, 2008, less than 1,215 days preceding the date of the bankruptcy filing. To the extent that the Debtors argue that Mrs. Ellis has a homestead exemption that is unlimited in value or, alternatively, also in the amount of $146,450 and may be "stacked" with Mr. Ellis's exemption, she argues that Mrs. Ellis was not an owner of the Property and therefore has no right to claim an exemption in it. Indeed, the Trustee contends that neither *In re Walsh*[3] nor *In re Vasques*[4], the two cases cited by the

---

[1] Although the parties agree that only Mr. Ellis holds an ownership interest in the Property, the Debtors listed a joint fee simple interest on Schedule A – Real Property ("Schedule A").

[2] Neither the Trustee nor the Debtors indicated when Mr. Ellis filed the homestead declaration. Nevertheless, I presume that it occurred prepetition because the Trustee is not otherwise objecting to the validity of the Exemption.

[3] *In re Walsh*, 359 B.R. 389 (Bankr. D. Mass. 2007).

[4] *In re Vasques*, 337 B.R. 255 (Bankr. D. Mass. 2006).

2

Debtors, support their contention that, under Massachusetts law, a debtor may claim a homestead exemption in property that the debtor does not own.

### The Debtors

While conceding that Mr. Ellis's exemption cannot exceed the statutory cap, the Debtors argue that Mrs. Ellis, as a member of Mr. Ellis's family residing at the Property, is entitled to protection under the Homestead Statute in a non-capped amount because homesteads are acquired for the benefit of the family.[5] Moreover, as she never held an interest in the Property at all, they assert that she clearly did not acquire one during the 1,215 day period preceding the commencement of the case, precluding the imposition of the cap under 11 U.S.C. § 522(p). By extension, the Debtors rely on dicta in *In re Vasques* for the proposition that homestead protections extend to non-owning family members.[6] Alternatively, if I find that Mrs. Ellis's homestead is subject to the statutory cap, they assert that they should be permitted to "stack" them pursuant to 11 U.S.C. § 522(m).

## IV. DISCUSSION

Because the Debtors concede that Mr. Ellis's homestead is limited to $146,450 pursuant to 11 U.S.C. § 522(p), I need only consider what, if any, right to an exemption was held by Mrs. Ellis on the petition date.[7]

---

[5] *See In re Walsh*, 359 B.R. at 393.

[6] *In re Vasques*, 337 B.R. at 259.

[7] Section 522(p) provides, in relevant part, that:

> as a result of electing under subsection (b)(3)(A) to exempt property under State or local law, a debtor may not exempt any amount of interest that was acquired by the debtor during the 1215-day period preceding the date of the filing of the petition that exceeds in the aggregate $146,450 in value in . . . real . . . property that the debtor or a dependent of the debtor uses as a residence . . . or . . . real . . . property that the debtor or dependent of the debtor claims as a homestead.

11 U.S.C. § 522(p)(1)(A), (D).

Rights to exemptions are fixed as of the date of the petition.[8] Under 11 U.S.C. § 522(b), "an individual debtor may exempt from property of the estate the *property* listed in . . . paragraph (3) of this subsection," which allows a debtor to claim the exemptions provided for under applicable state law.[9] In Massachusetts, the Homestead Statute as in effect on the petition date provides that "[a]n estate of homestead to the extent of $500,000 in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home . . . who occupy or intend to occupy said home as a principal residence."[10] The Homestead Statute further states that a declarant "acquire[s] an estate of homestead in any such home for the benefit of his family," with "family" defined to include, among others, a husband and wife.[11] This "benefit" forms the basis of Mrs. Ellis' homestead exemption claim.

On its face, the Debtors' argument is patently illogical- that Mrs. Ellis is not only able to exempt the Property's equity, but has greater rights than the owner of the Property and may evade the imposition of 11 U.S.C. § 522(p) precisely because she never acquired an interest in it. As quoted above, the Bankruptcy Code allows a debtor to exempt *property* from property of the estate, which is generally understood to be an interest, whether legal or equitable, in some res.[12]

---

[8] 11 U.S.C. § 522(b)(3)(A).

[9] 11 U.S.C. § 522(b)(1), (3)(A) (emphasis added).

[10] Mass. Gen. Laws ch. 188, § 1.

[11] *Id.*

[12] Section 541 provides, in relevant part:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
> (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is--
> (A) under the sole, equal, or joint management and control of the debtor; or

4

Here, Mrs. Ellis admittedly had no interest in the Property and therefore cannot exempt one. Put simply, the benefit an estate of homestead affords to non-owning family members of a declarant does not amount to a cognizable claim of exemption under 11 U.S.C. § 522(b) without an underlying property interest.[13] Nonetheless, Mrs. Ellis still receives the benefit of Mr. Ellis's exemption as provided under the Homestead Statute, albeit subject to the statutory cap. This, however, is appropriate, as she too is a debtor in this proceeding and her exemption claims are subject to the provisions of the Bankruptcy Code.[14]

---

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.
(3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.
(4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.
(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date--
    (A) by bequest, devise, or inheritance;
    (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or
    (C) as a beneficiary of a life insurance policy or of a death benefit plan.
(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.
(7) Any interest in property that the estate acquires after the commencement of the case.

11 U.S.C. § 541(a).

[13] Both *In re Walsh* and *In re Vasques* are inapposite because they involved family members who co-owned real property, whereas Mrs. Ellis lacks an interest in the Property. *In re Walsh*, 359 B.R. at 391; *In re Vasques*, 337 B.R. at 256.

[14] I further note that *In re Walsh* is further distinguishable because only one spouse was a debtor in that case. *In re Walsh*, 359 B.R. at 393.

5

## V. CONCLUSION

In light of the foregoing, I will enter an order sustaining the Objection.

_____
William C. Hillman
United States Bankruptcy Judge

Dated: March 25, 2011